**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

UNITED STATES OF AMERICA,

                    Plaintiff,

        v.

JUNIOR GUFATASI TULALI,

                    Defendant.

Case No. 4:23-cr-00003-SLG-KFR-1

**<u>COURT'S PRELIMINARY CLOSING JURY INSTRUCTIONS</u>**

DATED:  April 19, 2024

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

## Instruction #1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. You will each have a copy of these instructions in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law. You will recall that you took an oath promising to do so at the beginning of the case. You should also not be influenced by any person's race, color, religious beliefs, national ancestry, sexual orientation, gender identity, gender, or economic circumstances. Also, do not allow yourself to be influenced by personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases. Unconscious biases are stereotypes, attitudes, or preferences that people may consciously reject but may be expressed without conscious awareness, control, or intention.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

1

**Instruction #2**

The indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt.  In addition, the defendant does not have to testify or present any evidence.  The defendant does not have to prove innocence; the government has the burden of proving every element of the charge beyond a reasonable doubt.

2

**Instruction #3**

A defendant in a criminal case has a constitutional right not to testify. In arriving at your verdict, the law prohibits you from considering in any manner that the defendant did not testify.

3

**Instruction #4**

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

**Instruction #5**

The evidence you are to consider in deciding what the facts are consists of:

First, the sworn testimony of any witness;

Second, the exhibits received in evidence; and

Third, any facts to which the parties have agreed.

**Instruction #6**

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence, and you may not consider them in deciding what the facts are:

1.  Questions, statements, objections, and arguments by the lawyers are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and have said at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.  Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.  Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

6

**Instruction #7**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which you can find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk.  Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence.  Either can be used to prove any fact.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

7

**Instruction #8**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account the following:

First, the opportunity and ability of the witness to see or hear or know the things testified to;

Second, the witness's memory;

Third, the witness's manner while testifying;

Fourth, the witness's interest in the outcome of the case, if any;

Fifth, the witness's bias or prejudice, if any;

Sixth, whether other evidence contradicted the witness's testimony;

Seventh, the reasonableness of the witness's testimony in light of all the evidence; and,

8

Eighth, any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

9

**Instruction #9**

You have heard evidence that the defendant may have committed other acts not charged here. You may not consider this evidence as evidence of guilt of the crime for which the defendant is now on trial.

**Instruction #10**

A.B.

You have heard evidence that ███████, a witness, was previously convicted of felony misconduct involving a controlled substance and felony distribution of fentanyl resulting in death. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

W.C.

You have also heard evidence that ████████, a witness, was previously convicted of felony distribution of a controlled substance. You may consider this evidence in deciding whether or not to believe this witness and how much weight to give to the testimony of this witness.

**Instruction #11**

You have heard testimony from W.C. ██████████ and A.B. ██████████, witnesses who received benefits from the government in connection with this case and were alleged to be accomplices to the crime charged.

An accomplice is one who voluntarily and intentionally joins with another person in committing a crime or who pleaded guilty to a crime arising out of the same events for which the defendant is on trial. These guilty pleas are not evidence against the defendant, and you may consider it only in determining these witnesses' believability.

For these reasons in evaluating the testimony of W.C. ██████████ and A.B. ██████████, you should consider the extent to which or whether their testimony may have been influenced by any of these factors. In addition, you should examine the testimony of W.C. ██████████ and A.B. ██████████ with greater caution than that of other witnesses.

12

**Instruction #12**

You have heard testimony from four individuals: Son Hoang, Kelsey Roberts, Scott Larson, and Cristin Rolf who testified to their opinions and the reasons for his or her opinions. This opinion testimony is allowed because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in this case.

**Instruction #13**

You are here only to determine whether the defendant is guilty or not guilty of the charge in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

**Instruction #14**

The defendant is charged in Count 1 of the indictment with distribution of fentanyl resulting in death in violation of Sections 841(a)(1) and (b)(1)(C) of Title 21 of the United States Code. For the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, between on or about October 13, 2020, and October 17, 2020, within the District of Alaska and elsewhere, the defendant, knowingly and intentionally distributed fentanyl.

Second, the defendant knew that it was fentanyl or some other federally controlled substance.

"Distributing" means delivering or transferring possession of fentanyl to another person, with or without any financial interest in that transaction.

The government is not required to prove the amount or quantity of fentanyl. It need only prove beyond a reasonable doubt that there was a measurable or detectable amount of fentanyl.

It does not matter whether the defendant knew that the substance was fentanyl. It is sufficient that the defendant knew that it was some kind of a federally controlled substance.

15

**Instruction #15**

A person has possession of something if the person knows of its presence and has physical control of it or knows of its presence and has the power and intention to control it.

**Instruction #16**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

**Instruction #17**

If you find that the defendant is guilty of distributing fentanyl, then you must determine whether J.L.'s death was a result of the fentanyl distributed by the defendant. To find that a drug resulted in death, you must unanimously and beyond a reasonable doubt find that but for the use of the fentanyl that the defendant distributed, J.L. would not have died.

In deciding whether use of the fentanyl that the defendant distributed resulted in death, you are instructed that the government must prove, beyond a reasonable doubt, that the use of the fentanyl was either a "but for" cause of death, or an "independently sufficient" cause of death. The government need not prove both alternatives; either is sufficient.

To find a particular controlled substance distributed or dispensed by the defendant was a "but for" cause of death, you must find beyond a reasonable doubt that, but for the decedent's use of the fentanyl, the decedent would have lived.

For example, where A shoots B, who is hit and dies, we can say that A's conduct was a but for cause of B's death, since, but for A's conduct, B would not have died. The same thing is true if a person's act combines with other factors to produce the result so long as the other factors alone would not have produced the result—if, so to speak, the person's act was the straw that broke the camel's back. Thus, if poison is administered to a man

18

debilitated by multiple diseases, the poison is a but for cause of his death even if those diseases played a part in his demise, so long as, without the incremental effect of the poison, he would not have died at that time.

To find that a particular controlled substance distributed or dispensed by the defendant was an "independently sufficient" cause of death, you must find beyond a reasonable doubt that the decedent's use of the fentanyl was sufficient to cause that decedent's death, regardless of, for example, the decedent's use of any other controlled substances.

For example, if A stabs B, inflicting a fatal wound; while at the same moment X, acting independently, shoots B in the head also inflicting a fatal wound; and B dies from the combined effects of the two wounds, A's conduct is an independently sufficient cause of B's death even though A's conduct was not a but for cause of B's death (since B would have died from X's actions in any event).

The government does not have the burden of establishing that the defendant intended that death result from the use of fentanyl. Nor does the government have the burden of establishing that the defendant knew, or should have known, that death would result from the distribution or ingestion of the fentanyl.

19

**Instruction #18**

The indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged in the indictment, it is not necessary for the government to prove that the offense was committed precisely on the date charged.

**Instruction #19**

A verdict form has been prepared for you. You will each receive your own copy of the verdict form, but the goldenrod-colored verdict form is the official verdict form that you will return to the court.

After you have reached unanimous agreement on a verdict, your foreperson should complete the goldenrod-colored verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.