THE HONORABLE JUDGE GLEASON

Peter A. Camiel
Camiel & Chaney P.S.
Attorneys at Law
2800 First Ave, Suite 309
Seattle, WA 98121
(206)817-0778
petercamiel@yahoo.com

UNITED STATES DISTRICT COURT
ALASKA

UNITED STATES OF AMERICA,  ) No. 4:23-cr-00003-SLG
        Plaintiff,  )
    v.  ) DEFENDANT'S SENTENCING
            ) MEMORANDUM
JUNIOR GAFATASI TULALI,  )
        Defendant.  )
                             )

## SENTENCING POSITION

Mr. Tulali requests a court recommendation to the BOP that he be designated to the FCI at Terminal Island California, which is the closest facility to his family, including his son.

**THE OFFENSE CONDUCT**

Mr. Tulali stands convicted after jury trial of Distribution of Fentanyl Resulting in Death in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). A jury found Mr. Tulali responsible for distributing pills containing fentanyl one of which was consumed by J.L. and caused his death.

In seeking a life sentence, the prosecution characterizes Mr. Tulali as a person selling drugs without any regard for the wellbeing of drug purchasers. But no evidence was presented

Defendant's Sentencing Memorandum
(USA v. Tulali 4:23-cr-00003-SLG)-1

PETER A. CAMIEL
CAMIEL & CHANEY P.S.
2800 First Avenue, Suite 309
Seattle, WA 98101
(206)817-0778

Case 4:23-cr-00003-SLG-KFR   Document 128   Filed 10/08/24   Page 1 of 8

at trial to show that Mr. Tulali himself either manufactured the pills, added fentanyl to the pills, or even knew they contained fentanyl. None of the intercepted text messages contain any such suggestion.

No evidence was presented that Mr. Tulali reasonably foresaw or intended harm to the users of the pills or even understood a user could die from use of the pills. Mr. Tulali was convicted based on jury instructions resulting in strict liability for any death caused by the pills regardless of his lack of knowledge or intent.

Despite any scienter requirement the government argues that the minimum sentence should be increased from zero to life without any possibility of release, even if there was no evidence the defendant either intended or reasonably foresaw the possibility a user would overdose and die.

The question of whether an individual intended the death of another by their actions or that such a result was reasonably foreseeable weighs mightily in the history of American law. Modern American law typically disfavors strict criminal liability, and for good reason. *See, e.g, Rehaif v. United States,* 139 S. Ct. 2191, 2195 (2019) (explaining the "longstanding presumption, traceable to the common law," in favor or a scienter requirement as a presumption in favor of reading criminal statutes to require a degree of knowledge sufficient to make a person legal responsible for the action in question).

At trial the defense objected to the jury instruction that states the government does not need to prove that death was a foreseeable result of the defendant's distribution of fentanyl. Acknowledging that *United States v. Houston,* 403 F.3d 1121 (9th Cir. 2005) says that it does not, the defense believes that *Houston* was both incorrectly decided and has been undermined, as described in the dissents in *United States v. Jeffries,* 958 F.3d 517, 524 (6th Cir. 2020)

Defendant's Sentencing Memorandum
(USA v. Tulali 4:23-cr-00003 SLG) -2

PETER A. CAMIEL
CAMIEL & CHANEY P.S.
2800 First Avenue, Suite 309
Seattle, WA 98101
(206)817-0778

Case 4:23-cr-00003-SLG-KFR    Document 128    Filed 10/08/24    Page 2 of 8

(Donald, J., dissenting) and in *United States v. Burkholder,* 816 F.3d 607, 621 (10th Cir. 2016) (Briscoe, J., dissenting). The defense incorporates the arguments contained in those dissents here.

In Judge Briscoe's dissent he wrote:

> "Because th[is] 'death results' enhancement increased the ... maximum sentence [ ] to which [Burkholder] was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt." *Burrage v. United States,* --U. S. ----, 134 S.Ct. 881, 887, 187 L.Ed.2d 715 (2014). Generally speaking, that element requires the jury to find "death caused by ('resulting from') the use of th[e] drug" distributed by the defendant. *Id.* The more difficult question, and the one posed by Burkholder in this appeal, is whether, as part of that finding, the jury must find that the "the victim's death was a foreseeable result of the defendant's drug-trafficking offense." *Id.* In other words, did Congress intend for the "death results" provision of § 841(b)(1)(E) to require a showing of proximate cause, or did it instead intend to impose strict liability on a criminal defendant whose drug-trafficking offense results in death or bodily injury to someone else?
> 816 F.3d at 622

…..

> Considering the bare language of § 841(b)(1)(E) in light of these principles, I am not persuaded that Congress clearly intended to impose strict liability on a criminal defendant for any death resulting from his drug-trafficking offense. In other words, I believe that Congress would have had to say more in § 841(b)(1)(E) in order for us to reasonably conclude that it intended to abandon the background principles outlined above and impose strict criminal liability.
> 816 F.3d at 624

Judge Briscoe ultimately concluded that a showing of foreseeability is an essential element of proof before such a severe sentencing enhancement could be imposed. 816 F.3d at 628.

The defense also disputed the government's proposed instruction stating that the government does not have to prove that the defendant intended that death would result from his actions. The presumption of *mens rea* articulated most recently in *Rehaif v. United States,* 139 S. Ct. 2191, 2195 (2019), and *Ruan v. United States,* 142 S. Ct. 2370, 2377 (2022), should

Defendant's Sentencing Memorandum
(USA v. Tul.ik) 4:23-cr-00003-SLG) -3

**PETER A. CAMIEL**
**CAMIEL & CHANEY P.S.**
**2800 First Avenue, Suite 309**
**Seattle, WA 98101**
**(206)817-0778**

Case 4:23-cr-00003-SLG-KFR   Document 128   Filed 10/08/24   Page 3 of 8

extend to this most serious element that raises the stakes of the drug offense significantly. The defense incorporates here the arguments contained in the dissent in *United States v. Collazo,* 984 F.3d 1308, 1337 (9th Cir. 2021) (en banc) (Fletcher, J., dissenting), setting out the reason why facts that raise the statutory maximum or require imposition of a statutory maximum in drug cases should require a mens rea of knowingly or intentionally.

In *Burrage v. United States*, 134 S. Ct. 881, 887 (2014) the court held that "Because the 'death results' enhancement increased the minimum and maximum sentences to which [the defendant] was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt.". The Supreme Court specified that the government must prove that the drug in question is the "but-for cause of" the victim's death or injury. Burrage, 134 S. Ct. at 887-88. Although the Burrage Court had also granted certiorari on the question of "[w]hether the defendant may be convicted under the 'death results' provision . . . without separately instructing the jury that it must decide whether the victim's death by drug overdose was a foreseeable result of the defendant's drug-trafficking offense," id. at 886, it did not actually address that question.

In *United States v. Hatfield*, 591 F.3d 945, 950 (7th Cir. 2010) the court expressed, in dicta, "misgivings about interpreting 'results from' in the statute to impose strict liability")."

> We have some misgivings about interpreting "results from" in the statute to impose strict liability. That could lead to some strange results. Suppose that, unbeknownst to the seller of an illegal drug, his buyer was intending to commit suicide by taking an overdose of drugs, bought from that seller, that were not abnormally strong, and in addition the seller had informed the buyer of the strength of the drugs, so that there was no reasonable likelihood of an accidental overdose...
> *United States v. Hatfield,* 591 F.3d at 950 (7th Cir. 2010)

Defendant's Sentencing Memorandum
(USA v. Tu, 4:23-cr-00003-SLG)-4

PETER A. CAMIEL
CAMIEL & CHANEY P.S.
2800 First Avenue, Suite 309
Seattle, WA 98101
(206)817-0778

Case 4:23-cr-00003-SLG-KFR    Document 128    Filed 10/08/24    Page 4 of 8

## Comments on the Presentence Report

The presentence report reads that "It appears the defendant has been involved in drug trafficking throughout his life." (PSR Sentencing Recommendation #2) Mr. Tulali's "drug trafficking convictions" include a charge at age 15 and the charge in 1995 at age 19 that sent him to prison until 2012. From his release in 2012 until the current charge based on conduct in 2020 Mr. Tulali had no arrests, charges, or supervised release violations. More significant is the fact that Mr. Tulali has struggled with substance abuse beginning at age 12-years.

## Unwarranted Disparity

Four other men were convicted in directly related cases including Andre Brown who received a sentence of 168 months, Winston Crockett who received a sentence of 84 months, Christopher Kearney who received a sentence of 60-months and Ladarius Edwards, who received a sentence of 60-months. PSR p. 2 (Related Cases) All four of these men were in the chain of distribution of the pills that ended up in the hands of J.L.

## Junior Gafatasi Tulali

Mr. Tulali is now 48 years of age. He has spent nearly half his life in prison and now faces the prospect of spending the remainder of his life in prison. At age 19 in 1995 he was convicted in Hawaii of Possession with Intent to Distribute Crack Cocaine. He was held in an adult prison where for years he was one of the youngest inmates. He was originally sentenced to serve 292 months, later reduced to 235 months. He was released from custody in 2012.

Junior Tulali was born in Seattle, Washington on January 15, 1976, when his parents came to Seattle to visit relatives. He spent the rest of his life (except the 17 years in prison) in Southern California. His family lived in the Southgate neighborhood of inner-city Los Angeles.

Defendant's Sentencing Memorandum
(USA v. Tulali 4:23-cr-00003 SLG) -5

PETER A. CAMIEL
CAMIEL & CHANEY P.S.
2800 First Avenue, Suite 309
Seattle, WA 98101
(206)817-0778

Case 4:23-cr-00003-SLG-KFR   Document 128   Filed 10/08/24   Page 5 of 8

His father left when he was an infant, and he never had any relationship with him. He was raised by his mother and grandfather, the oldest of four children.

He struggled with substance abuse starting as an early teen with marijuana, alcohol, and methamphetamine. He first tried cocaine, methamphetamine, and heroin at age 13. (PSR § 45-48) After being released from prison he did well at first. He completed his supervision without violations and was gainfully employed. But by the time of his arrest herein he was drinking alcohol daily, regularly using methamphetamine and was addicted to pain pills.

While the presentence report at section 37 describes Mr. Tulali as having previously been a member of a gang, he denies that he is or was. He has no gang related tattoos whatsoever.

While in prison working on a construction project, he injured his back. He was released from prison in 2012. In 2013 he was a passenger in a car that was broadsided by another car. He reinjured his back as well as sustained injuries to his shoulder, knee and ankle. He was initially prescribed pain pills by a doctor. By the time the six-month prescription ran out he was addicted and began seeking out pills on the street. By the time of his arrest, he was using at least 10 pills per day. § PSR 49

Mr. Tulali found work while still residing at the halfway house in Los Angeles. He worked for a wholesale clothing company, All Day Sales. He held this job up until the time of his arrest. The job included establishing and maintaining customer relationships with retail clothing stores throughout California. His employer, the owner the company, William Meinel has written a letter of support describing Mr. Tulali's role and performance on his job. But in addition to this job, he also drove for Uber, Lyft and Instacart.

Defendant's Sentencing Memorandum
(USA v. Tulali 4:23-cr-00003 SLG)-6

Case 4:23-cr-00003-SLG-KFR    Document 128    Filed 10/08/24    Page 6 of 8

PETER A. CAMIEL
CAMIEL & CHANEY P.S.
2800 First Avenue, Suite 309
Seattle, WA 98101
(206)817-0778

Mr. Tulali is father to a 13-year old son.  He married his longtime girlfriend Lene who works for the LAX airport and lives in Los Angeles. PSR § 38 Lene writes about Mr. Tulali's relationship with his son. Their son has periodic serious respiratory problems that at times has required hospitalization.

Since arriving at the Fairbanks Correctional Facility Mr. Tulali has tried to take advantage of available self-help programs.  He has concentrated his efforts on faith-based programs as a way to better understand how and why he has come to this point in his life.

Mr. Tulali has written a letter to this court where he writes in part:

> I'm 48 years old. I've spent a large part of my life in prison.  I sat through my trial and watched and heard the pain that [J.L.'s] family experienced.  Like [J.L.] I was also addicted to pain pills.  I've struggled with drug addiction since I was a teenager.
> I have a son that's 12yrs old and I pray that he'll never get involved with drugs. I've seen firsthand h ow drug addiction has affected my life and the lives of so many other people. I've seen this both inside and outside of prison.  I can only image how hard it must be to lose a loved one to a drug overdose.

### *Conclusion*

A term of life in prison, with no possibility of release, based on a conviction that did not require any evidence of intent, knowledge or foreseeability that a death would or could occur is in conflict with 18 U.S.C. § 3553(a) requirement of a sentence that is sufficient but not more than necessary.

Dated this 8th day of October, 2024.

*Peter A.Camiel*
Peter A. Camiel WSBA 12596
Attorney for Defendant Tulali

Defendant's Sentencing Memorandum
(USA v. Tulali 3:23-cr-00003 SLG) -7

PETER A. CAMIEL
CAMIEL & CHANEY P.S.
2800 First Avenue, Suite 309
Seattle, WA 98101
(206)817-0778

Case 4:23-cr-00003-SLG-KFR     Document 128     Filed 10/08/24     Page 7 of 8

## Certificate of Service

I, Peter A. Camiel hereby certify that on the 8th of October, 2024 I did file the foregoing with the Clerk of the Court using the ECF system thereby providing notice to all parties of record of this filing.

<i>s/Peter A. Camiel</i>

Defendant's Sentencing Memorandum
(USA v. Tulaldi 4:23-cr-00003 SLG)-8

Case 4:23-cr-00003-SLG-KFR    Document 128    Filed 10/08/24    Page 8 of 8

**PETER A. CAMIEL
CAMIEL & CHANEY P.S.
2800 First Avenue, Suite 309
Seattle, WA 98101
(206)817-0778**