1          UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF ALASKA
2

3  UNITED STATES OF AMERICA,   )
                               )
4          Plaintiff,          )
                               )
5      vs.                     )
                               ) Case No. 4:23-cr-0003-SLG
6  JUNIOR GUFATSI TULALI,      )
                               )
7          Defendant.          )
   _____ )
8

9          TRANSCRIPT OF ARRAIGNMENT ON INDICTMENT/
                    DETENTION HEARING
10   **BEFORE THE HONORABLE SCOTT A. ORAVEC, MAGISTRATE JUDGE**
                 Wednesday - June 21, 2023
11                2:04 p.m. - 2:18 p.m.
                   Anchorage, Alaska
12

13  **FOR THE GOVERNMENT:**
        Office of the United States Attorney
14      BY:  ALANA B. WEBER
        222 West 7th Avenue, RM 253, #9
15      Anchorage, Alaska 99513
        907-271-2344
16

17  **FOR THE DEFENDANT:**
        Camiel & Chaney, P.S.
18      BY:  PETER CAMIEL
        2800 First Avenue, Suite 309
19      Seattle, Washington  98121
        206-817-0778
20

21   Clerk in Attendance: Irma Hernandez
     Probation Officer: Kyle Mansfield
22  _____
                    **STACY M. BALDWIN**
23             **Realtime Certified Reporter**
               **Federal Official Court Reporter**
24               222 West 7th Avenue, #4
                  Anchorage, Alaska 99513
25        Transcript Produced from the Digital Recording

1          (Call to Order of the Court at 2:04 p.m.)

2          DEPUTY CLERK:  All rise.  His Honor, the Court,

3    the United States District Court for the District of

4    Alaska is now in session.  The Honorable Scott A. Oravec

5    presiding.  Please be seated.

6          Your Honor, we're on record in Case No.

7    4:23-cr-0003-SLG, *United States of America versus Junior*

8    *Gufatsi Tulali.*

9          Counsel, please identify yourself for the

10   record.

11         MS. WEBER:  Good afternoon.  Alana Weber on

12   behalf of the United States.

13         THE COURT:  Good afternoon.

14         MR. CAMIEL:  Good afternoon, Your Honor.  Peter

15   Camiel representing Mr. Tulali, who's seated to my left.

16         THE COURT:  Good afternoon.  Thank you.

17         And, Mr. Tulali, is that the correct way to

18   pronounce your last name?

19         THE DEFENDANT:  That is correct.

20         THE COURT:  All right.  Good afternoon, sir.

21         THE DEFENDANT:  Good afternoon.

22         THE COURT:  All right.  This is the time we

23   have for an arraignment.  And, sir, you should have in

24   front of you, I think you have a copy of the indictment.

25   That's the charging document in the case.  Your name is

listed on the left-hand side there. Is your name
spelled correctly on that document?

THE DEFENDANT: Yes.

THE COURT: All right. Thank you.

This is an initial proceeding. We're going to
talk about some of the rights that you have, talk about
some future dates, Counsel.

So, first, you do have the right to remain
silent. You are not required to make a statement. If
you have made a statement, you need say no more. If you
decide to make a statement you may stop at any time.
Please understand this proceeding is recorded and any
statements made could be used against you later in
trial.

Now you also have the right to be represented
by an attorney. And if you wish, you have the right to
consult with your attorney before entering a plea. If
you can't afford an attorney, you may be entitled to
have the court pay some or all of the attorneys' cost.
In order to do that I would need to get some of your
financial information.

I see that I have a one-page financial
affidavit from you. It looks like -- it looks like you
signed this document; is that correct?

THE DEFENDANT: That is correct.

1          THE COURT:  All right.  Thank you.  I'm going

2    to go ahead and take a look at that now.

3          All right.  Thank you.  Looking at the

4    financial affidavit, I do see that you do have

5    employment and that you are receiving monthly income,

6    but you do have liabilities listed here, monthly

7    expenses.  And so the Court is going to find you

8    eligible for the assistance of court-appointed counsel.

9    I am required to resolve any doubt in your favor, and so

10   I will do that.

11         And, Mr. Camiel, are you available to accept

12   this appointment?

13         MR. CAMIEL:  I am, Your Honor.

14         THE COURT:  Okay.  Very well.  And, Mr. Camiel,

15   are you requesting nunc pro tunc appointment at all

16   or --

17         MR. CAMIEL:  Yes.

18         THE COURT:  Go ahead.  And when would that be

19   to?

20         MR. CAMIEL:  Your Honor, I will have to advise

21   the Court that I was appointed right after Mr. Tulali

22   was indicted.  I believe on the day after he was

23   indicted.  He was indicted January 19th of this year.  I

24   believe I was appointed the next day.

25         THE COURT:  Okay.  And so January 20th?

1          MR. CAMIEL:  Yes.

2          THE COURT:  Okay.  All right.  I will make your

3    appointment nunc pro tunc to January 20th, 2023.  And if

4    you need to change that, just let the Court know.  Okay?

5          MR. CAMIEL:  Thank you.

6          THE COURT:  All right.  Thank you.

7          And I am finding you eligible for the

8    assistance of court-appointed counsel, and I will

9    appoint Mr. Camiel -- he's one of our highly qualified

10   CJA counsel -- to assist you.

11         I do need to let you know, if any of the

12   information on that form should change, you do have a

13   duty to let the Court know that.  Do you understand

14   that?

15         THE DEFENDANT:  Yes.

16         THE COURT:  All right.  Thank you.

17         So now what I'm going to do is turn back to the

18   charging document, and there is Count 1 listed.  Then

19   there are aggravated circumstances listed and an

20   enhanced statutory penalty.  I'm going to go over that

21   now.

22         Between on or about October 13, 2020, and

23   October 17, 2020, within the District of Alaska and

24   elsewhere, you did knowingly and intentionally

25   distribute a controlled substance, and that was the

chemical name for fentanyl, and the following death

resulted -- there was a death that resulted from that --

distribution.

And that is that between on or about

October 13th and October 17th of 2020, that you

knowingly and intentionally distributed the above-listed

fentanyl to another person.  That was on or about

October 28th, 2020.  The use of the above-listed

fentanyl resulted in the overdose death of a person

named -- by the initials J.L., violating 21 United

States Code Section 841(a)(1), (b)(1)(C).

There's an enhanced statutory penalty

allegation that states before you committed the offense

charged in Count 1, that you had a final conviction for

a serious drug felony, and that was possession with

intent to distribute cocaine base, violating 21 United

States Code 841(a)(1), for which you served a term of

imprisonment of 12 -- of more than 12 months and for

which your release from such imprisonment was within

15 years of the commencement of the offenses charged in

Count 1.  And that's pursuant to 21 United States Code

(b)(1)(A).

Now what I'm going to do is ask the prosecutor

if you could please state the maximum penalty and the

mandatory minimums for that count.

```
 1              MS. WEBER:  Your Honor, the minimum and maximum
 2    is life imprisonment, with a $2 million fine, as well as
 3    a $100 special assessment.
 4              THE COURT:  Okay.  Thank you.
 5              And, Mr. Camiel, are you prepared to enter a
 6    plea today?
 7              MR. CAMIEL:  Yes, Your Honor.  Not guilty.
 8              THE COURT:  All right.  Thank you.  All right.
 9    So entered.
10              Mr. Tulali, counsel just entered a plea of not
11    guilty for you to this allegation.  So what I'm going to
12    do is talk about some future dates right now.
13              Now this is a Fairbanks case that will go
14    before -- it will be assigned to Judge Beistline.
15              And, Counsel, as this is being assigned to
16    Judge Beistline, I was going to order automatic Rule 16
17    discovery within 14 days from today.
18              Government, do you see any difficulty providing
19    that within 14 days from today?
20              MS. WEBER:  No, Your Honor.
21              THE COURT:  Okay.  I was not going to set -- I
22    know some of the district judges have been having their
23    magistrate judges set discovery conferences.  I was not
24    anticipating doing that, unless you have a specific need
25    for one.
```

1          Counsel, do you see that one is needed here?

2          MS. WEBER:  I believe it's fairly

3    straightforward.

4          THE COURT:  Okay.

5          MS. WEBER:  However, if counsel does want to

6    meet, I'm more than happy to discuss --

7          THE COURT:  Well, there are certain

8    requirements that you meet and confer amongst yourself.

9    But this is actually where you come back into the court.

10   I know that some of the magistrate judges are conducting

11   a new discovery conference on the record with the

12   parties.  Again, I'm not going to do that here.  I'll

13   just set discovery due 14 days from today.

14         Certainly, Counsel, if you have disagreement on

15   discovery, please follow our pretrial orders and you can

16   file notice to the Court.  That way we can get involved

17   earlier rather than later.  I appreciate that.

18         And then, the next issue is I do have the

19   standard final pretrial conference and trial scheduling

20   dates, but I also have a date before Judge Beistline for

21   a trial scheduling conference.

22         Now I do have a -- it looks like here, I do

23   have a written Speedy Trial Act waiver.  And it looks

24   like -- Mr. Tulali, did you have an opportunity to sign

25   that document?

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  All right.  And did you have an

3    opportunity to go over this document with your attorney?

4          THE DEFENDANT:  Yes.

5          THE COURT:  And did he answer any questions you

6    had?

7          THE DEFENDANT:  Yes.

8          THE COURT:  Okay.  So, just very briefly, you

9    do understand that the Speedy Trial Act does apply to

10   this case, but you can agree to certain exclusions from

11   that -- from the 70-day trial period.  And those might

12   be in order to allow your attorney a reasonable period

13   of time necessary for effective preparation and

14   representation, including reviewing discovery and

15   evidence in the case, conducting independent

16   investigation, researching potential pretrial motions,

17   validity options for potentially pretrial resolutions,

18   such as plea bargain and/or preparing for trial, if

19   there is no plea bargain and this matter does go to

20   trial.

21          No -- it states that you are agreeing to

22   exclude time from this date up to the trial setting

23   conference; is that correct?

24          THE DEFENDANT:  That's correct.

25          THE COURT:  Okay.  Very well.

1    So I will state that based on the information I
2  have here, it does appear that the defense is requesting
3  a continuance of the proceedings from today to the trial
4  scheduling conference with the district judge, and that
5  is currently set for August 11th, 2023.  Again,
6  August 11th at 10:00 a.m.  That's before
7  Judge Beistline.  Again, August 11th at 10:00 a.m.
8    And it does appear that the defendant is
9  willing to waive time under Speedy Trial Act between now
10  and that August 11th date.
11    I am finding that failure to grant such a
12  continuance would result in a miscarriage of justice.
13  It does appear that deal -- if I were to deny that
14  continuance, it would deny counsel for the defendant the
15  reasonable time necessary for effective preparation,
16  considering the exercise of due diligence.  And I am
17  therefore finding that the ends of justice are served by
18  granting a continuance to the date of the trial
19  scheduling conference and they outweigh the best
20  interest of the public and the defendant in a speedy
21  trial.
22    As the next date in this case before
23  Judge Beistline is on the 11th, the motions deadline in
24  this case is August 18th.  And, of course, if you have
25  any request for continuances of that or extensions of

1   time, you can ask Judge Beistline for that and he can

2   take that up at that time.

3            Counsel, any further requests then on any

4   items, additional dates, deadlines?  Government?

5            MS. WEBER:  None from the government.

6            THE COURT:  Mr. Camiel?

7            MR. CAMIEL:  No.

8            THE COURT:  All right.  Thank you.

9            And lastly, I will state under Criminal Rule 5F

10  the government is ordered to comply with its disclosure

11  obligations under *Brady v. Maryland* and related cases.

12  Failure to do so may result in sanctions.  A written

13  order will follow.

14           DEPUTY CLERK:  Your Honor, can we go over the

15  enhanced statutory?  (Indiscernible.)

16           THE COURT:  Yes.  In terms of -- I did read it

17  over, yes.  He was advised of it, yes.

18           DEPUTY CLERK:  Okay.

19           THE COURT:  Thank you.

20           All right.  Regarding release or detention

21  before trial, this Court is responsible to act to ensure

22  that you will make future court appearances and

23  determine whether or not you present a danger to the

24  community or any particular person.  Now to help me in

25  my determination, I will be considering the information

1   in the pretrial services report.

2           Mr. Camiel, have you been provided this

3   information?

4           MR. CAMIEL:  Your Honor, I have.  And I should

5   indicate to the Court, that after talking to Mr. Tulali

6   and reviewing the report, we're not going to challenge

7   detention.

8           THE COURT:  Okay.  Thank you.

9           All right.  Thank you.  I will advise, sir,

10  that the Bail Reform Act of 1984 creates a rebuttable

11  presumption in certain cases that no conditions of

12  release would reasonably assure the defendant's

13  appearance and the safety of the community.  And that is

14  where a judicial officer finds probable cause to believe

15  that a defendant committed an offense, for which maximum

16  term of imprisonment of ten or more years is prescribed

17  by the Controlled Substances Act.

18          Counsel, I do believe that this presumption, as

19  to detention, this is a rebuttable presumption.  The

20  defense can present evidence to rebut that presumption,

21  in which case the Court would just evaluate that under

22  the normal 18 U.S.C. 3142 factors.  You are entitled to

23  a detention hearing where you can present evidence.  And

24  I do find that the presumption applies here.

25          The government, I assume you're requesting

1   detention, and do you believe that the presumption
2   applies?
3           MS. WEBER:  Yes, Your Honor.
4           THE COURT:  Okay.
5           And, Mr. Camiel, I understand the defense's
6   position today.  We can either -- if you'd like, I can
7   set a detention hearing at a later time.  Or what I can
8   do is, if you file a request for a bail review hearing
9   at a later date, the Court would have a hearing to
10  evaluate that proposal.
11          MR. CAMIEL:  Your Honor, I would prefer the
12  latter.  If we develop new information we would ask the
13  Court to at that time set a detention hearing.
14          THE COURT:  Okay.  Thank you.
15          Okay.  Thank you.  I am -- I have looked at the
16  information in the pretrial services report.  I will
17  state that I noticed the very serious nature of the
18  offense here.  I did know that the -- also looked at the
19  history and characteristics of the defendant, know that
20  Mr. Tulali has been employed steadily.  It looks like by
21  All Day Sales for several years.  But I also find that
22  there are several felony convictions of a -- looks like
23  one in 1995 and then one in 2007.  And it is very
24  possible -- it seems likely here that Mr. Tulali was
25  actually on supervised release when he was -- when he

1   allegedly committed this offense in this case.

2           Regardless, I'm finding that there's a high

3   risk of danger certainly of Mr. Tulali's release, given

4   the information here and the prior offenses.  With that

5   said though, the Court is -- certainly, if there is a

6   request for a bail review hearing, the Court would have

7   a hearing to evaluate that request.

8           I am therefore finding that there is probable

9   cause to believe that Mr. Tulali committed an offense

10  for which a maximum term of imprisonment of ten or more

11  years is prescribed by the Controlled Substances Act,

12  and that is due to the indictment here.  And since

13  there's no evidence presented at this time to rebut the

14  presumption, I am ordering the defendant committed to

15  the custody of the United States Marshals Office pending

16  further proceedings.

17          Counsel, I think that is all.  Is there

18  anything further to take up?  Government?

19          MS. WEBER:  Nothing further from the

20  government, Your Honor.

21          THE COURT:  Okay.

22          Mr. Camiel?

23          MR. CAMIEL:  No, Your Honor.

24          THE COURT:  And I will just ask -- sorry, Madam

25  Clerk.  Counsel, do you agree also that I did advise

1   Mr. Tulali of the enhanced statutory penalty allegation?

2   I do recall reading that term.

3           MS. WEBER:  Yes.

4           THE COURT:  Okay.  Very well.  Thank you.  And

5   then I'll be ready to proceed with later hearings as

6   necessary.  Thank you.

7           DEPUTY CLERK:  All rise.  This matter is

8   adjourned.  This Court now stands in recess until 2:30

9   p.m.

10          (Whereupon, the Court adjourned at 2:18 p.m.)

11                      --oo0oo--

12                      CERTIFICATE

13      I, Stacy M. Baldwin, Federal Official Court Reporter
    in and for the United States District Court of the
14  District of Alaska, do hereby certify that the foregoing
    transcript is a true and accurate transcript from the
15  digital recording in the above-entitled matter and that
    the transcript page format is in conformance with the
16  regulations of the Judicial Conference of the United
    States.
17
        Dated December 19, 2024.
18

19
                            /s/ Stacy M. Baldwin
20                          STACY M. BALDWIN, RCR, RMR
                            FEDERAL OFFICIAL COURT REPORTER
21

22

23

24

25